IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:08-cr-387 (RDA) |
| ) | |
| ABDULLAH MATTOCKS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Abdullah Mattcoks' *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 (the "Motion to Vacate") (Dkt. 105) and the government's Motion to Dismiss (Dkt. 109). Considering the Motion to Vacate, the Motion to Dismiss, and Defendant's Reply (Dkt. 112), the Court GRANTS the Motion to Dismiss and DISMISSES the Motion to Vacate for the reasons that follow.

### I. BACKGROUND

On June 2, 2010, Defendant pleaded guilty before former U.S. District Judge Gerald B. Lee to two counts: (1) conspiracy to distribute five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession of a firearm in furtherance of that drug-trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 31.

On August 26, 2010, Defendant – apparently acting *pro se* – filed a motion to withdraw his guilty plea, arguing that defense counsel pressured him into pleading guilty. Dkt. 39. Defense counsel subsequently withdrew from representing Defendant. Dkt. 50. On September 17, 2010, Judge Lee held a hearing on the motion to withdraw the guilty plea. Dkt. 70. Judge Lee found that Defendant had failed to carry his burden and therefore denied the motion to withdraw. Dkt. Nos. 51 (order denying motion to withdraw); 70 (transcript of hearing on the motion to withdraw).

Defendant then filed an interlocutory appeal to the Fourth Circuit, in which the sole issue was the denial of his motion to withdraw his guilty plea. Dkt. 53.

On November 12, 2010, Judge Lee sentenced Defendant to a total of 324 months' imprisonment, consisting of 264 months on Count 1 and 60 months on Count 2, with the terms to run consecutively to one another. Dkt. 64. At sentencing, Judge Lee found that the applicable guideline range under the U.S. Sentencing Guidelines was 360 months to life, based on a total offense level of 40 and a criminal history category V. Dkt. 69, Sentencing Tr. at 12. In calculating the total offense level, Defendant was not assessed with a sentencing enhancement under the Career Offender guideline provision, U.S.S.G. § 4B1.1. Dkt. 41 at 15 & Worksheet D.

The Fourth Circuit treated Defendant's interlocutory appeal as a direct appeal of his convictions, and, on August 5, 2011, the Fourth Circuit, by unpublished *per curiam* opinion, affirmed his convictions. Dkt. 72. The Fourth Circuit mandate issued on August 29, 2011, and Defendant did not seek further review of his convictions. Dkt. 75.

Twelve years later, Defendant filed his Motion to Vacate, asserting that this Court lacked jurisdiction to convict Defendant on Count 2 for possession of a firearm in furtherance of a drug trafficking conspiracy, because Count 1 involved an invalid predicate offense. Dkt. 105 at 1. In sum, Defendant argues that his conviction under Count 1 for conspiracy to distribute 5 kilograms or more of cocaine fails to qualify as a controlled substance offense and therefore is an invalid predicate for his conviction on Count 2. *See id.* at 4. In support of his Motion to Vacate, Defendant

primarily cites: (i) *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019);[1] and (ii) *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*).[2]

On January 29, 2024, the government filed its Motion to Dismiss arguing that the Motion to Vacate is time-barred. Dkt. 109. The government argues that, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Defendant was required to file his Motion to Vacate within one-year after his convictions became final on November 3, 2011; in other words, Defendant had to file his Motion to Vacate by November 3, 2012. *Id.* at 3.

On February 20, 2024, Defendant filed a Reply in support of his Motion to Vacate. Dkt. 112. In his Reply, Defendant argues that his Motion to Vacate is not time-barred because his claim is "jurisdictional." *Id.* at 2.[3]

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, a prisoner may challenge his conviction and sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. *See* 28

---

[1] In *Norman*, the Fourth Circuit held that a conspiracy conviction under 21 U.S.C. § 846 is not a controlled substance offense for purposes of triggering the application of a six-level career offender enhancement under U.S.S.G. § 4B1.1, because a § 846 conspiracy is a categorical mismatch to the generic crime of conspiracy discussed in the commentary note for U.S.S.G. § 4B1.2(b). 935 F.3d at 239.

[2] In *Dupree*, the Eleventh Circuit held that inchoate drug offenses like a § 846 conspiracy are not "controlled substance offenses" for purposes of the application of the career offender guidelines. 57 F.4th 1276-79. Defendant also cites similar decisions from other Circuits. *United States v. Nasir*, 17 F.4th 459, 471-72 (3d Cir. 2021); *United States v. Castillo*, 69 F.4th 648, 653 (9th Cir. 2023).

[3] Here, Defendant appears to conflate an analysis applicable to excuse procedural default – that is failing to raise an issue on direct appeal – with the timeliness of his Motion to Vacate. *See* Dkt. 112 at 2 (arguing "[Mattocks] can avoid the procedural-default bar altogether, meaning he can raise a claim for the first time on collateral review without demonstrating cause and prejudice, if the alleged error is jurisdictional").

U.S.C. § 2255(a).[4] But § 2255 includes some important limits. Pertinent here is the limit that a one-year statute of limitations applies to § 2255 motions.

Section 2255(f) provides that a person serving a federal sentence must move to vacate within one-year of the judgment of conviction becoming final. 28 U.S.C. § 2255(f). Here, the judgment became final on November 3, 2011, which is 90 days after the entry of the Fourth Circuit judgment affirming Defendant's convictions. *See Clay v. United States*, 537 U.S. 522, 525, 527-28 (2003) (noting that defendants have 90 days from the entry of the appellate judgment to petition for a writ of *certiorari* from the Supreme Court). Thus, Defendant's deadline to file a § 2255 motion was November 3, 2012, and Defendant is approximately eleven years late.

Nor does Defendant's Motion to Vacate fall within the exceptions to the one-year statute of limitations applicable to his claims. Defendant makes no claim that he was impeded from making his motion by governmental action or that his claims are based on newly discovered facts. Thus, his claims do not fall with the exceptions noted in § 2255(f)(2) or (4). Furthermore, none of the cases that Defendant cites define newly recognized rights made retroactive by the Supreme Court, such that he cannot rely on the exception in § 2255(f)(3). Almost all of the cases that Defendant cites are Circuit-level authority, and the one Supreme Court case that Defendant cites, *Kisor v. Wilke*, 139 S. Ct. 2400 (2019) was decided more than a year before Defendant's Motion and is generally inapplicable to the case before this Court.[5]

---

[4] It is worth noting that, although Defendant previously filed and withdrew a prior motion to vacate, that petition does not count for purposes of the prohibition on second or successive petitions. 28 U.S.C. § 2255(h). The Fourth Circuit has held that "[a]n initial habeas petition generally does not count for purposes of the 'second or successive' rule, however, if it was voluntarily withdrawn by the petitioner." *Provenzale v. United States*, 388 F. App'x 285, 287 (4th Cir. 2010).

[5] In *Kisor*, the Supreme Court addressed the level of deference due to an administrative agency in construing its own regulations. 139 S. Ct. at 2408-09. Defendant apparently cites the *Kisor* case because *Kisor* was referenced in the Eleventh Circuit's *Dupree* decision. But *Kisor* was only relevant to *Dupree* because the *Dupree* case addressed an issue regarding the application

4

Even assuming that Defendant's Motion were timely, the Motion to Vacate would still fail. Defendant's efforts to demonstrate that the § 846 conspiracy charged in Count 1 is an invalid predicate crime for the § 924(c) firearm offense charged in Count 2 fail as a matter of law because § 924(c) defines a predicate "drug trafficking crime" as including "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). A § 846 drug trafficking conspiracy is a felony punishable under the Controlled Substances Act. *See United States v. Clanton*, 2022 WL 2555973, at *1 n.2 (4th Cir. Mar. 29, 2022) ("The conspiracy conviction is a valid predicate because a 'drug trafficking crime' under § 924(c) is statutorily defined to include § 846 offenses."). This is fatal to Defendant's § 2255 claim. The Fourth Circuit's *Norman* decision and the other authority cited by Defendant are inapposite, because they address the application of a sentencing enhancement that uses the phrase "controlled substance offense" and do not address the statutory definition of a "drug trafficking crime" under § 924(c)(2).

In sum, Defendant's Motion to Vacate is both untimely and meritless. Therefore, the government's Motion to Dismiss will be granted and the Motion to Vacate will be dismissed.

### III. CONCLUSION

Accordingly, it is hereby ORDERED that the government's Motion to Dismiss (Dkt. 109) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion to Vacate (Dkt. 105) is DISMISSED.

To appeal the denial of his motion to vacate pursuant to 28 U.S.C. § 2255, Defendant must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of the entry of this Memorandum Opinion and Order. Failure to file a timely notice of appeal waives

---

of a sentencing enhancement and an interpretation of the Sentencing Guidelines. Here, Defendant challenges his conviction itself – not the application of any guideline. Thus, his Motion to Vacate cannot be not premised on any rule announced in *Kisor*.

5

defendant's right to appeal this decision. Defendant must also obtain a certificate of appealability from a judge or justice of this Circuit pursuant to 28 U.S.C. § 2253(c)(1). This Court expressly declines to issue a certificate of appealability for the reasons stated in this Memorandum Opinion and Order.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Defendant, who is proceeding *pro se*, and to the government.

It is SO ORDERED.

Alexandria, Virginia
April 30, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge