IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 1:08-cr-387 (RDA) |
| ) | |
| ABDULLAH MATTOCKS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Abdullah Mattcoks' *pro se* Amended Motion for Compassionate Release (Dkt. 134).[1] Considering the Motion and the Government's Opposition (Dkt. 138), the Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

On June 2, 2010, Defendant pled guilty before former U.S. District Judge Gerald B. Lee to two counts: (1) conspiracy to distribute five kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) possession of a firearm in furtherance of that drug-trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. 31.

On August 26, 2010, Defendant – apparently acting *pro se* – filed a motion to withdraw his guilty plea, arguing that defense counsel pressured him into pleading guilty. Dkt. 39. Defense counsel subsequently withdrew from representing Defendant. Dkt. 50. On September 17, 2010, Judge Lee held a hearing on the motion to withdraw the guilty plea. Dkt. 70. Judge Lee found that Defendant had failed to carry his burden and therefore denied the motion to withdraw. Dkt.

---

[1] Also pending are a Motion for Retroactive Application (Dkt. 122) and a Motion for Leave to File (Dkt. 133). The Motion for Leave seeks leave to withdraw the Motion for Retroactive Application and to file an amended motion for compassionate release. Dkt. 133. Defendant subsequently filed such a motion. Dkt. 134. Accordingly, the Motion for Leave is GRANTED and the Motion for Retroactive Application is DEEMED WITHDRAWN.

51 (order denying motion to withdraw); Dkt. 70 (transcript of hearing on the motion to withdraw). Defendant then filed an interlocutory appeal to the Fourth Circuit, in which the sole issue was the denial of his motion to withdraw his guilty plea. Dkt. 53.

On November 12, 2010, Judge Lee sentenced Defendant to a total of 324 months' imprisonment, consisting of 264 months on Count 1 and 60 months on Count 2, with the terms to run consecutively. Dkt. 64. At sentencing, Judge Lee found that the applicable guideline range under the U.S. Sentencing Guidelines was 360 months to life, based on a total offense level of 40 and a criminal history category V. Dkt. 69, Sentencing Tr. at 12. In calculating the total offense level, Defendant was not assessed with a sentencing enhancement under the Career Offender guideline provision, U.S.S.G. § 4B1.1. Dkt. 41 at 15 & Worksheet D.

The Fourth Circuit treated Defendant's interlocutory appeal as a direct appeal of his convictions, and, on August 5, 2011, the Fourth Circuit, by unpublished *per curiam* opinion, affirmed his convictions. Dkt. 72. The Fourth Circuit mandate issued on August 29, 2011, and Defendant did not seek further review of his convictions. Dkt. 75.

On June 21, 2019, this case was reassigned to this District Judge.

Twelve years after his conviction was affirmed, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. Dkt. 105. On April 30, 2024, this Court issued a Memorandum Opinion and Order granting the Government's Motion to Dismiss and dismissed the Section 2255 motion. Dkt. 113.

On October 16, 2024, Defendant filed a Motion for Retroactive Application of Sentencing Guidelines. Dkt. 122. The Court directed the Government to respond and the Government sought to hold Defendant's motion in abeyance while a parallel proceeding was resolved. Dkts. 124, 125. The Court granted the Government's Motion. Dkt. 126.

In August 2025, Defendant sought to lift the stay, and the Court granted the motion. Dkt. 132. Defendant subsequently filed a motion for leave to file an amended compassionate release motion and to withdraw his Motion for Retroactive Application. Dkt. 133. On September 17, 2025, Defendant filed his Amended Motion for Compassionate Release. Dkt. 134. After an extension, the Government filed its Opposition on November 14, 2025. Dkt. 138.

## II. ANALYSIS

The legal standard for evaluating motions for compassionate release is well settled. Simply put, a defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing (1) that there are "extraordinary and compelling reasons" warranting a sentence reduction and (2) that analysis of the § 3553(a) factors counsels that a sentence reduction is appropriate as a matter of judicial discretion. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Sprague*, 838 F. App'x 775, 775–76 (4th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

Defendant argues that he has established extraordinary and compelling circumstances based on: (i) the length of his sentence; and (ii) his rehabilitation. As the Government correctly argues, none of these factors taken individually or collectively are extraordinary or compelling and the Section 3553(a) factors do not weigh in favor of a sentence reduction.[2]

---

[2] The Government first seeks to stay resolution of this matter until the Supreme Court resolves the issues presented in *Rutherford v. United States*, No. 24-820, and *Carter v. United States*, No. 24-860. Dkt. 138 at 1. Those cases challenge whether the Sentencing Commission properly exercised its authority when it provided that an unusually long sentence qualifies as extraordinary and compelling circumstances pursuant to U.S.S.G. § 1B1.13(b)(6). Because this Court finds that, regardless, Defendant has not established an unusually long sentence, other extraordinary and compelling circumstances, or an entitlement to compassionate release, there is no prejudice to the Government by declining to grant the stay. Moreover, the Court notes that resolution of Defendant's request for compassionate release has already been stayed once at the Government's request.

3

A.      Extraordinary and Compelling

To begin with, Defendant argues that his offense level was incorrectly calculated as 38 based upon a responsibility for 150 kilograms or more of cocaine. Dkt. 134 at 14. Defendant essentially argues, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that a jury was required to determine the more specific drug weight. *Id.* But defendants are not permitted to do an "end run around habeas" by filing motions for compassionate release based upon alleged sentencing errors. *See United States v. West*, 70 F.4th 341, 346 (6th Cir. 2023) (rejecting alleged *Apprendi* error as a basis for compassionate release); *see also United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Appellants attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so. Namely, 28 U.S.C. § 2255 is 'the exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal." (alterations omitted)). Moreover, Defendant stipulated to the drug weight in his statement of facts in support of his plea agreement. Dkt. 32 at 4. Courts have recognized that *Apprendi* and its progeny "cannot help a defendant who admitted to th[e relevant] facts." *Johnson v. United States*, 2014 WL 470077, at *5 (D. Md. Feb. 5, 2014) (citing cases). Even now, Defendant concedes "Mattocks [sic] offense level and his role enhancement are stipulated in his pela agreement and are supported by facts listed in the statement of facts." Dkt. 134 at 12. Accordingly, this argument fails to establish extraordinary and compelling reasons for compassionate release.

Defendant also argues that his criminal history points were incorrectly calculated and that he should not have been accorded points for his 1998 conviction for transporting a handgun. Dkt. 134 at 10. This argument fails on its face. The Sentencing Guidelines provide that a "sentence imposed more than ten years prior to defendant's *commencement* of the instant offense is not counted." U.S.S.G. § 4A.1. cmt. n. 2 (emphasis added). Defendant stipulated in the Statement of

Facts that this instant offense, namely the conspiracy, began in 2005 – well within the ten-year lookback period. Thus, 2 criminal history points were properly applied for Defendant's 1998 conviction. The other arguments Defendant makes with respect to his criminal history, the expungement of a marijuana offense and the revocation of parole, do not alter that his criminal history was correctly calculated. But courts recognize that a conviction is only expunged for purposes of calculating criminal history points, and thus for purposes of compassionate release, where it was expunged pursuant to "constitutional invalidity, innocence, or errors of law." *United States v. McCullers*, 704 F. Supp. 3d 659, 665 (E.D. Va. 2023) (citing cases). Defendant has not asserted, and it is his burden to do so, that any of those exceptions apply to his marijuana conviction. With respect to the revocation of his parole, Defendant asserts that his parole was revoked because of the "aggregate non-paroleable sentence of 324 months for new crimes committed while on parole" – that is the instant offense. Dkt. 134-4. That Defendant's parole was subsequently revoked because of the offenses committed here does not mean that Defendant should not receive a criminal history point and Defendant's argument in this regard (Dkt. 134 at 13) is flawed. Accordingly, these arguments do not provide a basis for finding extraordinary and compelling circumstances.

  Defendant next argues that he is entitled to a two-point reduction in his offense level pursuant to Amendment 782 and a one-point reduction in his criminal history category pursuant to Amendment 821 to the Sentencing Guidelines. Dkt. 134 at 13, 16. The Government has argued that Defendant cited the wrong subsection of Section 3582 to raise these changes to the guidelines calculations. Dkt. 138 at 7. The Court disagrees. This is too stringent an application of the law where Defendant, who is proceeding *pro se*, has cited the correct statute but not the correct subsection. In any event, even assuming the application of these Amendments, Defendant has not established extraordinary and compelling circumstances. At sentencing, Defendant's total offense

level was 40 and his criminal history category was V, based on 12 criminal history points. Dkt. 69 at 12 (finding a total offense level of 40, a Criminal History Category of V, and a guideline range of 360 months to life); Dkt. 134 at 5. Applying these Amendments, Defendant's total offense level would be 38 and, even subtracting one criminal history point, his Criminal History Category remains V, which results in the exact same guideline that applied at sentencing: 360 months to life. Accordingly, there is no basis on which to believe that Defendant would receive a lower sentence were he sentenced today, there is no disparity, and no extraordinary and compelling circumstances.

Finally, Defendant argues that his rehabilitation is extraordinary. In this regard, Defendant asserts that he has had only one disciplinary infraction, has dedicated himself to his faith, and has worked to obtain an education. Dkt. 134 at 16-17. The Court notes that this is to be commended, but that it all inures to Defendant's own benefit. Moreover, "rehabilitation alone is not a ground for release or a sentence reduction." 28 U.S.C. § 994(t). Although Defendant's rehabilitation is to be encouraged, rehabilitation alone is not sufficient to establish extraordinary and compelling circumstances, and, in any event, Defendant does not explain how his rehabilitation is extraordinary.

In short, Defendant has failed to establish that any of the facts on which he relies taken separately or collectively establish extraordinary and compelling circumstances. Thus, his Motion will be denied.[3]

---

[3] Defendant makes a passing reference to his sentence being unusually long "given that no one was injured and that he was not found with drugs or firearms." Dkt. 134 at 10. This ignores that the Statement of Facts specifically stipulated that Defendant "possessed drug-trafficking related paraphernalia, firearms ammunition, and five firearms." Dkt. 33 ¶ 2. Moreover, Defendant has provided no context for why he believes that his sentence was unusual, particularly given that Defendant received a downward variance below the applicable guideline range.

B.  Section 3553(a) Factors

Even assuming *arguendo* that Defendant has established extraordinary and compelling circumstances, that does not end the analysis. Defendant must also establish that the Section 3553(a) factors support a sentence reduction; here, they do not. Defendant focuses on his rehabilitation and the lack of danger he presents to the community but does not address the other Section 3553(a) factors. Again, Defendant is to be commended for the steps that he has taken to fill his time and improve himself while incarcerated, but they do not outweigh the other Section 3553(a) factors. Defendant was convicted of a serious drug-trafficking conspiracy and possessed firearms in relation to that conspiracy. At sentencing, Judge Lee noted that this was "a very sophisticated operation" and that there "were a lot of guns involved in this case." Dkt. 69 at 22. Moreover, Defendant has a lengthy criminal history and was a Criminal History Category V. Additionally, Defendant received an enhancement as an organizer, leader, manager, or supervisor of the conspiracy. Dkt. 32 ¶ 6. Moreover, Defendant already received grace when he was sentenced below the applicable guidelines range. Further reducing Defendant's sentence in the absence of extraordinary and compelling circumstances would risk creating unwarranted sentencing disparities. Finally, although Defendant may be adequately deterred by the sentence that he has served thus far, reducing his sentence based on his alleged rehabilitation alone would not promote respect for the law or achieve general deterrence. Thus, a sentence reduction is not warranted considering the nature and circumstances of the offense, Defendant's criminal history, the need to promote respect for the law, the need to provide just punishment for the offense, the need to afford adequate deterrence, the kinds of sentences available and the applicable guidelines range, and the risk of unwarranted sentencing disparities. Accordingly, the Section 3553(a) factors do not support a sentence reduction and the Motion will also be denied for this reason.

III. CONCLUSION

Accordingly, it is hereby ORDERED that the Motion for Compassionate Release (Dkt. 134) is DENIED; and it is

FURTHER ORDERED that the Motion for Leave (Dkt. 133) is GRANTED; and it is

FURTHER ORDERED that the Motion for Retroactive Application (Dkt. 122) is DEEMED WITHDRAWN; and it is

FURTHER ORDERED that the Motion Requesting the Court to Proceed Due to the Government's Failure to Timely Respond (Dkt. 139) is DENIED because the Government did timely respond.

If Defendant wishes to appeal this decision, he must file a written Notice of Appeal with the Clerk of this Court within fourteen (14) days of receipt of this Memorandum Opinion and Order. Failure to file a timely Notice of Appeal waives the right to appeal.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to Defendant, who is proceeding *pro se*, and to the government.

It is SO ORDERED.

Alexandria, Virginia
January 7, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge